# UNITED STATES DISTRICT COURT
for the

Eastern District of Missouri

In the Matter of the Seizure of )
Approximately $6,410.00 U.S. Currency in the )
custody of the Florissant Police Department, )   Case No. 4:19MJ1381 JMB
Florissant, Missouri )
)

**FILED**
AUG 21 2019
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

## APPLICATION AND AFFIDAVIT FOR SEIZURE WARRANT

**I, Sherman Jackson, being duly sworn depose and say:**

**I am a Special Agent with the Federal Bureau of Investigation, and have reason to believe that there is now certain property namely**

Approximately $6,410.00 U.S. Currency in the custody of the Florissant Police Department, Florissant, Missouri

**which is**

subject to forfeiture under Title 21, United States Code, Sections 853 & 881(a), and therefore, is subject to seizure under Title 18, United States Code, Section 981(b) and Title 21, United States Code, Sections 853(e)&(f) and 881(b) concerning a violation of Title 21, United States Code, Sections 841(a)(1), 843(B) and 846.

**The facts to support a finding of Probable Cause for issuance of a Seizure Warrant are as follows:**

SEE ATTACHED AFFIDAVIT WHICH IS INCORPORATED HEREIN BY REFERENCE

**Continued on the attached sheet and made a part hereof.**   X  Yes  ___ No

Signature of Affiant, Sherman Jackson

**Sworn to before me, and subscribed in my presence**

August 21, 2019                                            at   St. Louis, Missouri
**Date and Time Issued**                                        City and State

Honorable John M. Bodenhausen, U.S. Magistrate Judge
**Name and Title of Judicial Officer**                          Signature of Judicial Officer

## **AFFIDAVIT**

I, Sherman Jackson, being duly sworn, depose and state as follows:

1. I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, and I am empowered by law to conduct investigations of and to make arrests for the offenses enumerated in Title 18, United States Code, Section 2516.

2. I have been employed as a Special Agent with the Federal Bureau of Investigation (FBI) for approximately three years. I am currently assigned to a squad responsible for the investigation of drug trafficking and violent street gangs. Through my training and experience, I am familiar with the debriefing of cooperating witnesses and/or other sources of information and methods of searching locations where illegal drugs, firearms, instruments of money laundering, and evidence of other crimes may be found. I have been trained in and have experience conducting surveillance of drug traffickers. I am also familiar with the methods used to import illegal drugs and the methods which drug traffickers use to pay for illegal drugs and conceal the proceeds of their illegal activity. I have also interviewed persons involved in violations of federal law pertaining to firearms, drug trafficking and money laundering.

3. This affidavit is not intended to be a complete and detailed description of all of the facts and evidence discovered during this investigation. I have set forth only the information that I believe is necessary to establish the required foundation for the issuance of the seizure warrant requested. Information in this affidavit is based upon my own investigation and that of other experienced law enforcement investigators with whom I am

working. As part of the investigation described in this affidavit, I have reviewed public records and talked with or reviewed reports of other law enforcement investigators.

## Property to Be Seized

4. This affidavit is made in support of an application for a warrant to seize the following property:

    a. $6,410 in United States currency;

    b. Romarm Cugir Microdraco 7.62 MM rifle, serial number PMD0507017R0 and

    c. 84 7.62MM Bullets

5. The above described property is currently in the custody of the Florissant, Missouri Police Department, 1700 North Highway 67, Florissant, Missouri 63033.

## Legal Framework

6. The proceeds of drug offenses are subject to forfeiture under both civil and criminal forfeiture authorities. Pursuant to 21 U.S.C. § 881(a)(6), "all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance...all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of [the Controlled Substances Act]" are subject to civil forfeiture. In addition, pursuant to 21 U.S.C. § 853(a)(1), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of a drug violation are subject to criminal forfeiture.

7. A firearm that is used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances is subject to civil

2

forfeiture pursuant to 21 U.S.C. § 881(a)(11). In addition, pursuant to 21 U.S.C. § 853(a)(2), any property used, or intended to be used, in any manner or party, to commit, or to facilitate the commission of, a violation of the Controlled Substance Act is subject to criminal forfeiture.

8. Firearms and ammunition are subject to seizure and criminal forfeiture pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461 as being involved in or used in any knowing violation of 18 U.S.C. § 922(g).

9. This application seeks a seizure warrant under both civil and criminal authority because the property to be seized could be placed beyond process if not seized by warrant.

10. Pursuant to 18 U.S.C. § 981(b) and 21 U.S.C. § 881(b), property subject to civil forfeiture may be seized by a civil seizure warrant issued by a judicial officer "in any district in which a forfeiture action against the property may be filed," and may be executed "in any district in which the property is found," if there is probable cause to believe the property is subject to forfeiture. A civil forfeiture action may be brought in any district where "acts or omissions giving rise to the forfeiture occurred." 28 U.S.C. § 1355(b)(1)(A). As detailed below, acts or omissions under investigation occurred in the Eastern District of Missouri. 21 U.S.C. § 853(f) provides authority for the issuance of a seizure warrant for property subject to criminal forfeiture.

11. Based on the foregoing, the issuance of this seizure warrant is authorized under 21 U.S.C. § 853(f) for criminal forfeiture; and 18 U.S.C. § 981(b) for civil forfeiture. Notwithstanding the provisions of Rule 41(a) of the Federal Rules of Criminal Procedure, the issuance of this seizure warrant in this district is appropriate under 18 U.S.C. §

3

981(b)(3) and 28 U.S.C. § 1355(b)(1) because acts or omissions giving rise to the forfeiture occurred in the Eastern District of Missouri.

### Subject of Investigation

12.     KEATON J. COGER is a 37 year-old St. Louis resident who has been arrested and convicted for offenses including distribution of a controlled substance.

13.     On September 8, 2006, COGER was convicted of one felony count of distribution and/or delivery of manufactured controlled substance in the 21nd Judicial Circuit Court, St. Louis, Missouri. COGER was sentenced to five years of probation. This probation was subsequently revoked and COGER was sentenced to five years of prison on January 3, 2008.

### Probable Cause

14.     On August 29, 2018, COGER was observed by Florissant police officers driving a 2018 Dodge Charger erratically in the area of New Halls Ferry Road and Parker Road in Florissant, Missouri. Based on this behavior, officers conducted a traffic stop of the vehicle. After approaching the vehicle, the officers noticed a strong odor emitting within the vehicle which appeared to be marijuana. When questioned, COGER stated he does smoke marijuana but he did not have currently have any marijuana in his possession. COGER explained that he was driving erratically because he was running late after picking up a package for a friend.

15.     The Florissant police officers then conducted a criminal history check on COGER through their dispatcher. This criminal check revealed that COGER had been arrested in the past for distribution of a controlled substance, possession with intent to distribute marijuana, unlawful use of a weapon, stealing a motor vehicle, and various traffic

4

related offenses. Additionally, officers arrested COGER at that time for a "wanted" relating to a domestic assault in the second degree charge from December 31, 2016. As part of his arrest, COGER was advised of his Miranda rights.

16. After his arrest, COGER provided the Florissant officers consent to search his 2018 Dodge Charger. During the search, the officers located numerous burnt cigar wrappers containing what was suspected to be marijuana in the vehicle's ash tray. Upon opening the trunk of the vehicle, the officers noticed an overwhelming odor of marijuana emanating from the trunk. Officers were able to localize this odor to a U.S. Postal Service parcel in the trunk bearing USPS tracking number EL653652915US addressed to Ms. Katron Wolfe, 7324 Harney Ave., St. Louis, MO 63136 with a return address of Connect Vintage Consignment, 6714 Mission Street, Daly City, CA 94014.

17. Upon locating the parcel, COGER stated he had picked up the package for a friend and he indicated he did not know what was in the parcel. COGER went onto say that Katron Wolfe did not live at the 7324 Harney Avenue in St. Louis, MO, but rather that was just the place where the parcel was sent.

18. A Florissant police officer contacted Connect Vintage Consignment in Daly City, CA, the purported mailer of the parcel. A representative of Connect Vintage Consignment told the officer that they had no knowledge of the parcel and did not mail it. The officer then made inquiries of various law enforcement databases and was unable to make a connection between Katron Wolfe and the mailing address of the parcel, 7324 Harney Avenue in St. Louis, MO.

19. Subsequent to these inquiries, officers conducted a canine search on the parcel. K9 Hugo DSN 631 of the Florissant Police Department altered to the presence of

5

a narcotic odor emitting from the parcel. Based on these facts, Florissant police officers obtained a state search warrant for the parcel. Upon opening the parcel, four large vacuum sealed plastic bags containing marijuana was discovered.

20. After opening the USPS parcel subject to the search warrant, Florissant police officers again interviewed COGER. Prior to the interview, COGER was advised of his <u>Miranda</u> Warning which he signed and agreed to speak with the interviewing officers. Officers informed COGER what was discovered in the parcel to which COGER replied, "I told you I didn't know what was in that package. I had a general idea."

21. During the course of the interview with COGER, it was discovered COGER lived at 17 St. Celeste in Florissant, Missouri. COGER told officers that he had some marijuana and a firearm at this residence. COGER reviewed and signed a consent to search form for his residence at 17 St. Celeste in Florissant, Missouri.

22. After COGER signed the consent to search of his residence, Florissant police officers transported COGER to 17 St. Celeste, Florissant, Missouri. COGER directed officers to a kitchen cabinet where he kept his marijuana. In this cabinet, officers, located three baggies of marijuana, a digital scale, and a metallic metal grinder.

23. COGER then directed officers to his bedroom in the rear of the residence. During the search of the bedroom, officers located a Romarm Cugir Microdraco 7.62 MM rifle, bearing serial number PMD0507017R0. Attached to the rifle was a drum magazine containing sixty-two (62) 7.62 MM bullets. Additionally, officers located another magazine containing twenty-two (22) 7.62 MM bullets. In the same bedroom closet where the rifle was located, officers discovered $6,410 in US Currency in various denominations.

24. In an exterior dumpster of the residence, officers also located a similar looking cardboard box, label, and packaging material as to the parcel located in COGER's trunk during the initial traffic stop.

## Conclusion

25. Based on your affiant's training and experience and the training and experience of other veteran members of my team, the information set forth above establishes probable cause that KEATON J. COGER engaged in narcotics trafficking in violation of Title 21, United States Code, Sections 841(a)(1), 843(b) and 846, and was a felon in possession of a firearm and ammunition in violation of Title 18, United States Code, Section 922(g), and that the above described property is subject to criminal forfeiture pursuant to Title 21, United States Code, Section 853(a), and Title 18, United States Code, Section 924(d), and civil forfeiture pursuant to Title 21, United States Code, Sections 881(a)(6) and (11).

_____
Sherman Jackson
Special Agent
Federal Bureau of Investigation

SUBSCRIBED and SWORN to before me this 21st day of August, 2019

_____
HONORABLE JOHN M. BODENHAUSEN
United States Magistrate Judge
Eastern District of Missouri

7